UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND AND TRUSTEES THEREOF,<br><br>*Plaintiff*,<br><br>v.<br><br>ENVIRONMENTAL CONTRACTORS, INC., KIELCZEWSKI CORPORATION, and BE CONSTRUCTION CORPORATION,<br><br>*Defendants*. | Civil Action No. 17-3068<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof's ("Plaintiff" or "Funds") Motion for Default Judgment against Environmental Contractors, Inc. ("ECI"), Kielczewski Corporation ("KC"), and BE Construction Corporation ("BCC" and, collectively with ECI and KC, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion is **GRANTED**.

**I. BACKGROUND**

**A. ECI's unpaid contributions**

This is an action for unpaid contributions under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145. Compl. ¶ 1. ECI is a contractor which was and still is subject to a Collective Bargaining Agreement ("CBA") with the New Jersey Laborers District Council and Local Unions (the "Union"). Id. ¶¶ 9. Under the CBA, ECI must

1

remit fringe benefit contributions to the Funds for covered work performed by ECI's employees. Id. ¶ 10. However, on August 30, 2013, judgment in the amount of $188,484.40 (the "Judgment") was entered in this district against ECI in favor of the Funds for unpaid contributions. Id. ¶ 13. These unpaid contributions spanned from October 1, 2009 to April 8, 2012. Id.

### B. ECI and KC are found to be a single employer

In January 2014, the National Labor Relations Board ("NLRB") issued a decision finding that ECI and KC were alter egos and a single employer. Id. ¶ 15. It also found that ECI and KC had engaged in unfair labor practices, including failure to pay required contributions. Id. In February 2014, the NLRB ordered that ECI and KC remedy this misconduct by remitting required contributions for covered employees. Id. ¶ 16. The NLRB's order was affirmed by the Third Circuit in July 2014. Id. ¶ 27. On July 31, 2014, KC entered into the CBA. Id. ¶ 18.

### C. ECI, KC, and BCC are all a single employer

On December 13, 2013, BCC was incorporated in New Jersey with Barbara Reed ("Reed") as president. Id. ¶ 14. Plaintiff alleges that Defendants shared substantially identical business purposes, operations, management, and supervision at relevant times. Id. ¶ 19. For example: (1) ECI, KC, and BCC all performed lead and hazardous waste abatement, environmental remediation, and demolition work; (2) Slawomir Kielczewski ("Slawomir") was the president of ECI and KC and an estimator for BCC; (3) Reed was the bookkeeper for ECI and KC and the president of BCC; (4) Peter Cybura was a project manager, estimator, and supervisor for ECI, KC, and BCC; (5) Wesley Kielczewski, Slawomir's brother, was a job supervisor for ECI, KC, and BCC; (6) BCC maintains working relationships with certain general contractors who previously employed ECI and KC; and (7) Defendants maintained their place of business and operations at the same address – a property owned by Mariola Kielczewska, Slawomir's ex-wife. Id. ¶¶ 19-20.

Defendants also shared resources, assets, and employees who performed work covered by the CBA. Id. ¶ 21. For example: (1) Slawomir sold all of KC's abatement equipment to Reed, and there are no purchase and/or lease agreements associated with this equipment; (2) no money was paid to ECI or KC by BCC for use of their office equipment and personal property; (3) BCC's website represents that "ECI has completed over 1500 jobs"; and (4) certain ECI and KC personnel have continued their employment with BCC, including those who performed covered work for ECI and KC, as well as Sarah Pomilio, Reed's daughter. Id. Defendant also had centralized control of labor functions and collaborated with each other regarding other aspects of employee relations. Id. ¶ 22. Plaintiff alleges that Defendants acted as a single integrated enterprise, that there were no arm's length relationships between them, and that BCC was created to evade ECI's and KC's obligations under the CBA. Id. ¶¶ 23, 25.

### D. Procedural background

Plaintiff filed this action on May 3, 2017, seeking a judgment of $185,484.40[1] against all Defendants for unpaid contributions pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145. ECF No. 1. BCC, KC, and ECI were served on May 19, 2017, June 28, 2017, and June 28, 2017, respectively. ECF Nos. 5, 8-9. BCC filed an answer on May 31, 2017, but voluntarily withdrew it on February 22, 2018 with the consent of Plaintiff and the permission of the Court. ECF Nos. 18, 20. ECI and KC have not answered or otherwise responded to the Complaint. On August 22, 2017, the Clerk entered default against ECI and KC. On March 8, 2018, the Clerk entered default against BCC. ECF No. 22. On April 6, 2018, Plaintiff filed the instant Motion for Default Judgment. ECF No. 23. Defendants have not filed any opposition.

### II. LEGAL STANDARD

---

[1] Although the Judgment originally totaled $188,484.40, Plaintiff notes that $185,484.40 is still due to the Funds. See Affidavit of Kimberly Kemple ("Kemple Aff.") ¶¶ 5, 8, ECF No. 23.3.

3

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment, the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendant. The ERISA statute grants this Court exclusive subject-matter jurisdiction over the claims. 29 U.S.C. § 1132(e)(1) ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant, beneficiary, fiduciary"). The Court has personal jurisdiction over Defendants, which are all companies with

an office and a place of business in West Orange, New Jersey. Compl. ¶¶ 4-6. Defendants have all been served in this matter. See ECF Nos. 5, 8-9.

**B. Liability**

In its Complaint, the Pension Fund seeks to: (1) prove a claim for unpaid contributions under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145; and (2) hold KC and BCC jointly liable for ECI's unpaid contributions under a single-employer theory of liability.[2]

**1. ERISA Claim**

Plaintiff has pled a claim for unpaid contributions from October 1, 2009 to April 8, 2012.[3] Section 515 of ERISA requires every employer who is obligated under the terms of a CBA to make contributions to an employee benefits plan to do so "in accordance with the terms and conditions of such plan or [the CBA]." 29 U.S.C. § 1145. Here, the CBA required ECI to make fringe benefit contributions to the Funds, and ECI failed to do so. See Compl. ¶¶ 10, 13, Ex. A. Accordingly, pursuant to Section 502(g)(2) of ERISA, Plaintiff is entitled to: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate. Acosta v. Nat'l Packaging, Inc., No. 09-701, 2010 WL 3001191, at *2 (D.N.J. July 28, 2010) (citing 29 U.S.C. § 1132(g)(2)).

**2. Single-Employer Liability**

The Court must also determine whether ECI, KC, and BCC are a single employer for purposes of ERISA liability. The single-employer doctrine dictates that "two nominally

---

[2] Plaintiff also alleges an alternative alter-ego theory of liability. Because the Court finds that BCC and KC are liable under Plaintiff's single-employer theory, it need not reach this alternative argument.
[3] To the extent Plaintiff seeks default judgment based on unpaid contributions outside this period, it is denied. The Complaint is devoid of facts regarding the existence or extent of those unpaid contributions.

5

independent enterprises will be treated as one integrated enterprise for purposes of liability." Operative Plasterers & Cement Masons Int'l Ass'n Local 8 v. AGJ Const., LLC, No. 08-6163, 2009 WL 2243900, at *4 (D.N.J. July 24, 2009) (citing NLRB v. Browning–Ferris Indus. of PA, Inc., 691 F.2d 1117, 1122 (3d Cir. 1982)). To determine whether enterprises should be treated as a single employer, four factors are analyzed: "(1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership." Gov't Dev. Bank for Puerto Rico v. Holt Marine Terminal, Inc., No. 02-7825, 2011 WL 1135944, at *18 (E.D. Pa. Mar. 24, 2011) (citing Browning-Ferris Indus., 691 F.2d 1117, 1122 (3d Cir. 1982)). "The heart of the inquiry is whether separate corporations are 'in truth . . . but divisions or departments of a single enterprise' lacking the 'arm's length relationship found among unintegrated companies.'" Id. (quoting Browning-Ferris Indus., 691 F.2d at 1122).

Here, Plaintiff has pleaded facts that establish that ECI, KC, and BCC are a single employer. ECI, KC, and BCC shared equipment, personnel, general contractor relationships, and a location. See Compl. ¶¶ 14-25. Slawomir was the president of both ECI and KC and an estimator for BCC, and Reed was the bookkeeper for both ECI and KC and the president of BCC. Id. ¶ 19. No money was paid by BCC to ECI or KC for BCC's use of their office equipment and personal property. Id. ¶ 21. BCC's website even held the company out as ECI. Id. Analyzing the factors as a whole, ECI, KC, and BCC lack the "arm's length relationship found among unintegrated companies." Gov't Dev. Bank for Puerto Rico, 2011 WL 1135944, at *18 (quoting Browning-Ferris Indus., 691 F.2d at 1122).

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that, in the

absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *1 (D.N.J. Mar. 19, 2012). Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have no other means of obtaining relief. Finally, the Court finds Defendants acted culpably as they have been served with the Complaint yet have failed to defend this action. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. App'x. 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

**D. Monetary Damages**

Plaintiff seeks default judgment for unpaid contributions, interest, liquidated damages totaling 20% of the principal amount, and attorneys' fees and costs. See Compl. ¶¶ 26-29; Affidavit of Jennifer Chang ("Chang Aff.") ¶¶ 5-9, ECF No. 23.4. In support of this request, Plaintiff provides only the Judgment entered in the amount of $188,484.40, an affidavit by Plaintiff's Assistant Administrator that $185,484.40 of the Judgment remains outstanding, and an affidavit by Plaintiff's counsel along with an itemized list of hours billed. See Compl. at Ex. A; Kemple Aff. ¶ 8; Chang Aff. ¶¶ 4-5, Ex. A.

Based on these submissions, the Court cannot properly assess the damages, interest, costs and any other amounts to which Plaintiff is entitled under Section 502(g)(2) of ERISA. Plaintiff seeks to recover on the unpaid Judgment but does not state the principal unpaid contribution liability on which it was based or what, if any, penalties, costs, and interest calculations under Section 502(g)(2) it includes. While the Court finds KC and BCC are liable for ECI's unpaid contributions on a theory of single-employer liability, it cannot, on the facts before it, ascertain ECI's principal unpaid contribution liability and the appropriate liquidated damages, interest, and costs that should attach to it. In any amended motion for default judgment, Plaintiff is directed to

7

explicitly state the principal amount of damages available under each theory of liability it asserts and the specific penalties, interest, fees, and costs accompanying that principal amount.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**. Plaintiff has thirty days to file an amended complaint or a renewed motion for default judgment in accordance with this Opinion.

Dated: November 30, 2018.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**